UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

VRINGO INFRASTRUCTURE, INC.            :
                                        :
                    Plaintiff,          :
        v.                              :
                                        :
THE ADT CORPORATION,                    :
ADT LLC d/b/a ADT SECURITY SERVICES,    :
ADT SECURITY SERVICES, INC., and        :
TYCO INTEGRATED SECURITY, LLC           :

                    Defendants.

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vringo Infrastructure, Inc. files this Original Complaint against defendants The ADT Corporation, ADT LLC d/b/a ADT Security Services, ADT Security Services, Inc. and Tyco Integrated Security, LLC (collectively, "Defendants") for patent infringement of U.S. Patent No. 6,288,641 and hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

**PARTIES**

2.      Plaintiff Vringo Infrastructure, Inc. ("Vringo") is a Delaware corporation having a place of business at 780 3rd Avenue, 15th Floor, New York, New York 10017.

3.      Vringo is an early stage technology company founded in August 2012. In that same month, Vringo acquired a global patent portfolio from Nokia Corporation ("Nokia"), including U.S. Patent No. 6,288,641. The portfolio covers a variety of technologies related to

handsets, telecommunications infrastructure, and wireless communications. Vringo intends to develop wireless technologies.

4. In March 2013, as part of its development efforts, Vringo partnered with Virginia Tech Intellectual Properties, the licensing arm of Virginia Polytechnic Institute and State University (commonly known as Virginia Tech). Through the partnership, Vringo will lead the research and development efforts related to patented wireless technology developed by Virginia Tech's Wireless@VT research group, one of the largest university wireless research groups in the United States.

5. Vringo's parent company, Vringo, Inc., develops and distributes mobile application products and services through partnerships with handset manufacturers and mobile network operators. Vringo, Inc. offers its social and video ringtone mobile applications globally through mobile application stores and mobile network operators. Vringo, Inc. is the recipient of various industry awards and recognition.

6. Defendant The ADT Corporation ("ADT Corp.") is a Delaware corporation having its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431.

7. Defendant ADT LLC d/b/a ADT Security Services ("ADT LLC") is a Delaware limited liability company having its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431.

8. Defendant ADT Security Services, Inc. ("ADT Security") is a Delaware corporation having its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431. ADT Corp., ADT LLC, and ADT Security shall be collectively referred to herein as "ADT."

9.      Defendant Tyco Integrated Security, LLC ("Tyco IS") is a Delaware limited liability company having its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) (c) (d), and 1400(b).

12.     This Court has personal jurisdiction over defendant ADT Corp. by virtue of its regular and systematic business in this judicial district. ADT Corp. maintains its principal place of business in this judicial district. ADT Corp. employs persons that reside in this judicial district. ADT Corp. regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals and/or companies in this judicial district. ADT Corp. has purposefully established substantial, systematic, and continuous contacts with this judicial district and expects, or should reasonably expect, to be haled into court in this judicial district. As such, ADT Corp. has established sufficient minimum contact with this judicial district.

13.     This Court has personal jurisdiction over defendant ADT LLC by virtue of its regular and systematic business in this judicial district. ADT LLC maintains its principal place of business in this judicial district. ADT LLC employs persons that reside in this judicial district. ADT LLC regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals and/or companies in this judicial district. ADT LLC has purposefully established substantial,

systematic, and continuous contacts with this judicial district and expects, or should reasonably expect, to be haled into court in this judicial district.  As such, ADT LLC has established sufficient minimum contact with this judicial district.

14.     This Court has personal jurisdiction over defendant ADT Security by virtue of its regular and systematic business in this judicial district.  ADT Security maintains its principal place of business in this judicial district.  ADT Security employs persons that reside in this judicial district.  ADT Security regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals and/or companies in this judicial district.  ADT Security has purposefully established substantial, systematic, and continuous contacts with this judicial district and expects, or should reasonably expect, to be haled into court in this judicial district.  As such, ADT Security has established sufficient minimum contact with this judicial district.

15.     This Court has personal jurisdiction over defendant Tyco IS by virtue of its regular and systematic business in this judicial district.  Tyco IS maintains its principal place of business in this judicial district.  Tyco IS employs persons that reside in this judicial district.  Tyco IS regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals and/or companies in this judicial district.  Tyco IS has purposefully established substantial, systematic, and continuous contacts with this judicial district and expects, or should reasonably expect, to be haled into court in this judicial district. As such, Tyco IS has established sufficient minimum contact with this judicial district.

## BACKGROUND

### *The '641 Patent*

16. On September 11, 2001, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,288,641 ("the '641 Patent"), entitled "Assembly, And Associated Method, For Remotely Monitoring A Surveillance Area." The '641 Patent was filed on September 15, 1999. A true and correct copy of the '641 Patent is attached to this Complaint as Exhibit A.

17. The '641 Patent relates to, amongst other things, the use of a mobile terminal to remotely monitor a location (*e.g.,* home or business).

18. The '641 Patent was invented by Eduardo Casais. At the time of the invention, Mr. Casais worked for Nokia, a world-wide leader in research and development related to wireless infrastructure and mobile handset technologies. The '641 patent was initially assigned by Mr. Casais to Nokia.

19. Vringo is presently the owner by assignment from Nokia of the '641 Patent and possesses all of the rights of recovery under the '641 Patent, including the right to sue and recover damages for infringement of claims of the '641 Patent.

### *Remote Monitoring*

20. Mobile applications for remotely monitoring of home/businesses have started to become available to consumers over the past several years. ADT and Tyco IS are two companies that offer such mobile applications.

### *ADT and Tyco IS*

21. ADT Corp. was previously part of Tyco International Ltd. In September 2011, Tyco International Ltd announced plans to separate its business operations into three independent publicly traded companies: ADT Corp., Tyco International, and Flow Control. In October 2012,

5

Tyco International Ltd spun off ADT Corp as its own independent company. ADT Corp. claims to be a leading provider of electronic security, interactive home and business automation and related monitoring services. ADT Corp. also claims to serve more than six million residential and small business customers and have one of the most well-known brands in the security industry.

22. In July 2012, in anticipation of the separation, Tyco International Ltd. announced the rebranding of its ADT North American Commercial Security business unit as Tyco Integrated Security. Tyco IS remained a business unit of Tyco International Ltd. after the spin-off of ADT Corp. Tyco IS claims to be a leading commercial security systems integrator, providing security and business optimization services to more than 500,000 customers.

### FIRST CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 6,288,641 by ADT

23. The allegations set forth above are hereby re-alleged and incorporated herein by reference.

24. ADT manufactures, uses, sells, offers to sell, and/or imports security and associated remote monitoring products, systems, and services in the United States that infringe one or more claims of the '641 Patent. ADT specifically commits such acts of patent infringement through the manufacture, use, sale, offer for sale, and/or importation of at least its ADT Pulse products, systems, and services.

25. ADT first began to offer ADT Pulse and the ADT Pulse mobile application in 2011, over a decade after the filing date of the '641 Patent in September 1999. An example of the ADT Pulse mobile application used on a mobile terminal is shown below:



26.     ADT's infringement of the '641 Patent has injured Vringo and will cause irreparable injury unless ADT is enjoined from continued acts of patent infringement.

**SECOND CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. 6,288,641 by Tyco IS**

27.     The allegations set forth above are hereby realleged and incorporated herein by reference.

28.     Tyco IS manufactures, uses, sells, offers to sell, and/or imports security and associated remote monitoring products, systems, and services in the United States that infringe one or more claims of the '641 Patent.  Tyco IS specifically commits such acts of patent infringement through the manufacture, use, sale, offer for sale, and/or importation of at least its Mobile Security Management products, systems, and services.

29.     Tyco IS first began to offer Tyco IS Mobile Security Management and the Mobile Security Management mobile application in 2013, over a decade after the filing date of the '641 Patent in September 1999.  An example of the Tyco IS Mobile Security Management mobile application used on a mobile terminal is shown below:

7



30.     Tyco IS's infringement of the '641 Patent has injured Vringo and will cause irreparable injury unless Tyco IS is enjoined from continued acts of patent infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Vringo requests entry of judgment in its favor and against Defendants as follows:

A.      Finding that each of the Defendants has infringed one or more claims of the '641 Patent;

B.      Permanently enjoining each of the Defendants and their respective officers, directors, agents, employees, attorneys, licensees, successors, assigns, and those acting in concert or participation with them from infringing the '641 Patent;

C.      Awarding Vringo damages under 35 U.S.C. § 284 or as otherwise permitted by law, including supplemental damages for any continued post-verdict infringement together with prejudgment and post-judgment interest on the damages award and costs;

8

D.	Awarding costs of this action (including all disbursements) and attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

E.	Awarding such other costs and further relief that the Court determines to be just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Vringo hereby demands a trial by a jury on all issues so triable.

Dated:  September 12, 2013

**OF COUNSEL:**

Gregory S. Gewirtz
  (*pro hac vice application forthcoming*)
Jonathan David
  (*pro hac vice application forthcoming*)
Alex Solo
  (*pro hac vice application forthcoming*)
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:   908.654.7866

Respectfully submitted,

 /s/ Jay B. Shapiro
Jay B. Shapiro
jshapiro@stearnsweaver.com
Samuel O. Patmore
spatmore@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL 33130
Tel.:  305.789.3200
Fax:  305.789.3395

*Attorneys for Vringo Infrastructure, Inc.*