UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80924-CIV-MIDDLEBROOKS/BRANNON

| | |
|---|---|
| VRINGO INFRASTRUCTURE, INC. | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| TYCO INTEGRATED SECURITY, LLC | : |
| | : |
| Defendant. | : |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vringo Infrastructure, Inc. files this First Amended Complaint against Tyco Integrated Security, LLC ("Tyco IS") for patent infringement of U.S. Patent No. 6,288,641 and hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

**PARTIES**

2. Plaintiff Vringo Infrastructure, Inc. ("Vringo") is a Delaware corporation having a place of business at 780 3rd Avenue, 15th Floor, New York, New York 10017.

3. Vringo is an early stage technology company founded in August 2012. In that same month, Vringo acquired a global patent portfolio from Nokia Corporation ("Nokia"), including U.S. Patent No. 6,288,641. The portfolio covers a variety of technologies related to handsets, telecommunications infrastructure, and wireless communications.

4. In March 2013, as part of its development efforts, Vringo partnered with Virginia Tech Intellectual Properties, the licensing arm of Virginia Polytechnic Institute and State

University (commonly known as Virginia Tech). Through the partnership, Vringo has led research and development efforts related to patented wireless technology developed by Virginia Tech's Wireless@VT research group, one of the largest university wireless research groups in the United States.

5. Vringo's parent company, Vringo, Inc., developed and distributed mobile application products and services through partnerships with handset manufacturers and mobile network operators until about February 2014 when InfoMedia Services Ltd. acquired Vringo Inc.'s mobile partnerships and application business. Vringo, Inc. offered its social and video ringtone mobile applications globally through mobile application stores and mobile network operators. Vringo, Inc. is the recipient of various industry awards and recognition.

6. Defendant Tyco Integrated Security, LLC ("Tyco IS") is a Delaware limited liability company having its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) (c) (d), and 1400(b).

9. This Court has personal jurisdiction over defendant Tyco IS by virtue of its regular and systematic business in this judicial district. Tyco IS maintains its principal place of business in this judicial district. Tyco IS employs persons that reside in this judicial district. Tyco IS regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals and/or

companies in this judicial district. Tyco IS has purposefully established substantial, systematic, and continuous contacts with this judicial district and expects, or should reasonably expect, to be haled into court in this judicial district. As such, Tyco IS has established sufficient minimum contact with this judicial district.

## BACKGROUND

### *The '641 Patent*

10. On September 11, 2001, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,288,641 ("the '641 Patent"), entitled "Assembly, And Associated Method, For Remotely Monitoring A Surveillance Area." The '641 Patent was filed on September 15, 1999. A true and correct copy of the '641 Patent is attached to this Complaint as Exhibit A.

11. The '641 Patent relates to, amongst other things, the use of a mobile terminal to remotely monitor a location (*e.g.,* home or business).

12. The '641 Patent was invented by Eduardo Casais. At the time of the invention, Mr. Casais worked for Nokia, a world-wide leader in research and development related to wireless infrastructure and mobile handset technologies. The '641 Patent was initially assigned by Mr. Casais to Nokia.

13. Vringo is presently the owner by assignment from Nokia of the '641 Patent and possesses all of the rights of recovery under the '641 Patent, including the right to sue and recover damages for infringement of claims of the '641 Patent.

*Remote Monitoring*

14. Mobile applications for remotely monitoring of home/businesses have started to become available to consumers over the past several years. Tyco IS offers such mobile applications.

*Tyco IS*

15. In September 2011, Tyco International Ltd announced plans to separate its business operations into three independent publicly traded companies.

16. In July 2012, in anticipation of the separation, Tyco International Ltd. announced the rebranding of its ADT North American Commercial Security business unit as Tyco Integrated Security. Tyco IS claims to be a leading commercial security systems integrator, providing security and business optimization services to more than 500,000 customers.

**FIRST CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. 6,288,641 by Tyco IS**

17. The allegations set forth above are hereby realleged and incorporated herein by reference.

18. Tyco IS manufactures, uses, sells, offers to sell, and/or imports security and associated remote monitoring products, systems, and services in the United States that infringe one or more claims of the '641 Patent. Tyco IS specifically commits such acts of patent infringement through the manufacture, use, sale, offer for sale, and/or importation of at least its Mobile Security Management products, systems, and services.

19. Tyco IS first began to offer Tyco IS Mobile Security Management and the Mobile Security Management mobile application in 2013, over a decade after the filing date of the '641 Patent in September 1999. An example of the Tyco IS Mobile Security Management mobile application used on a mobile terminal is shown below:



20.     Tyco IS's infringement of the '641 Patent has injured Vringo and will cause irreparable injury unless Tyco IS is enjoined from continued acts of patent infringement.

21.     Tyco IS has been on notice of the '641 Patent at least as early as the September 12, 2013 filing of the original Complaint in this action (Dkt.1) and its subsequent service.

22.     Tyco has also been on notice about Vringo's detailed infringement positions as to the '641 Patent as least as early as December 2, 2013, when Vringo and Tyco IS had in–person discussions.

23.     On information and belief, following the filing of the original Complaint and the December 2, 2013 meeting, Tyco IS continued with its acts of infringement such that Tyco IS's post-notice acts of infringement are willful and deliberate.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
### Indirect Patent Infringement of U.S. Patent No. 6,288,641 by Tyco IS

24.     The allegations set forth above are hereby realleged and incorporated herein by reference.

5

25. Tyco IS has been on notice of the '641 Patent at least as early as the filing and service of the Complaint in this action (Dkt.1) and through meetings as mentioned above where Tyco IS was informed that its security and associated remote monitoring products, systems, and services infringe the claims of the '641 Patent.

26. Upon information and belief, Tyco IS has induced and continues to induce infringement of the '641 Patent by having knowingly encouraged and by presently encouraging its customers to directly infringe, alone or in combination with Tyco IS, various claims of the '641 Patent including by Tyco IS's actions that include, without limitation, instructing and encouraging users to set up and use Tyco IS Mobile Security Management products, systems, and services.

27. For example, Tyco IS knowingly provides website content, instructional videos, and interactive demonstrations showing how its customers can and do use/configure the accused products, systems, and services, including at the following websites:

http://www.tycois.com/solutions-by-need/manage-my-security/remote-management-tools/mobile-security-management

http://www.youtube.com/watch?v=seV_iwPgVbI

http://www.youtube.com/watch?v=TtmwBgn4OKQ

http://www.youtube.com/watch?feature=player_embedded&v=-R4ZgjrDecc

http://www.tycois.com/solutions-by-need/installation-and-maintenance

http://www.tycois.com/solutions-by-need/installation-and-maintenance/system-installation

http://www.tycois.com/about-us/press-room/tyco-integrated-security-debuts-mobile-security-management-at-isc-west

28.     In addition, upon information and belief, Tyco IS offers a mobile application for use with mobile phones, such as a version of the Total Connect 2.0 mobile application, as shown at https://www.tycois.com/managed-services/mobile-security-management:



29.     Upon information and belief, Tyco IS provides its aforementioned products, mobile applications, services, and instructional materials to its customers with the specific intent to encourage its customers to infringe the '641 Patent by directing its customers to, among other things, position transducers at a surveillance area, maintain a listing identifying the transducers, and select which of the transducers to operate to transduce human-perceptible signals into transduced signals to monitor the surveillance area.  See, for example, the Total Connect 2.0 Interactive User Guide, provided at: https://rs.alarmnet.com/TotalConnect2/Help/TC2Demo.

30.     Upon information and belief, Tyco IS also contributed to, and contributes to, the infringement of the '641 Patent by knowingly providing one or more components that comprise Tyco IS's Mobile Security Management System which are a material part of the invention(s) of the '641 Patent, and which have no substantial noninfringing uses.  Tyco IS does so knowing that such components were especially made or especially adapted for infringing use by its customers, alone or in combination with Tyco IS.

31.     In particular, upon information and belief, when Tyco IS provides its Mobile Security Management System to its customers, Tyco IS provides at least a controller and a

mobile application that are especially made and adapted to allow customers to infringe one of more claims of the '641 Patent by using such components as a material part of the an assembly for remotely monitoring a surveillance area.  For instance, transducers are positioned at a surveillance area, a listing identifying the transducers is maintained, and transducers are selected to monitor the surveillance area, all in a manner that infringes one or more claims of the '641 Patent such that there are no substantial noninfringing uses of such accused products.

32. Upon information and belief, Tyco IS is therefore in violation of 35 U.S.C. §§ 271(b) and (c), and has been and continues to infringe indirectly at least one or more claims of the '641 Patent by knowingly and specifically intending to contribute to and induce infringement by others (e.g., including but not limited to current and potential customers) as described above via at least the aforementioned acts of Tyco IS.

33. Vringo has been damaged by the direct and indirect infringement of Tyco IS and is suffering and will continue to suffer irreparable harm and damage as a result of this infringement unless such infringement is enjoined by this Court.

34. Upon information and belief, Tyco IS has been on notice of the '641 Patent, and its post-notice acts of direct and indirect infringement are willful and deliberate.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Vringo requests entry of judgment in its favor and against Tyco IS as follows:

A. Finding that Tyco IS has infringed, directly and/or indirectly, one or more claims of the '641 Patent;

B. Permanently enjoining Tyco IS and its respective officers, directors, agents, employees, attorneys, licensees, successors, assigns, and those acting in concert or participation with them from infringing the '641 Patent;

C. Awarding Vringo damages under 35 U.S.C. § 284 or as otherwise permitted by law, including supplemental damages for any continued post-verdict infringement together with prejudgment and post-judgment interest on the damages award and costs and enhancement for willful infringement;

D. Awarding costs of this action (including all disbursements) and attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

E. Awarding such other costs and further relief that the Court determines to be just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Vringo hereby demands a trial by a jury on all issues so triable.

Dated: March 25, 2014                                                  Respectfully submitted,

                                                                                                                /s/ *Samuel O. Patmore*

**OF COUNSEL:**                                                                  Jay B. Shapiro
                                                                                                    jshapiro@stearnsweaver.com

Gregory S. Gewirtz                                                               Samuel O. Patmore
  (*pro hac vice*)                                                                 spatmore@stearnsweaver.com
Jonathan David                                                                   STEARNS WEAVER MILLER WEISSLER
  (*pro hac vice*)                                                                 ALHADEFF & SITTERSON, P.A.
Alex Solo                                                                        Museum Tower
  (*pro hac vice*)                                                                 150 West Flagler Street, Suite 2200
LERNER, DAVID, LITTENBERG,                                                       Miami, FL 33130
KRUMHOLZ & MENTLIK, LLP                                                          Tel.: 305.789.3200
600 South Avenue West                                                            Fax: 305.789.3395
Westfield, NJ 07090-1497
Tel:   908.654.5000                                                              *Attorneys for Vringo Infrastructure, Inc.*
Fax:  908.654.7866

9

**CERTIFICATE OF SERVICE**

I HEREBY certify that on March 25, 2014 I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing

        /s/ *Samuel O. Patmore*
        Samuel O. Patmore